IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARTHA CRABTREE            §
                                           §
                                           §        CIVIL ACTION 5:18-CV-1329
                                           §
VS.                                   §
                                           §
                                           §
DOLOMITE HOLDINGS LLC       §

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARTHA CRABTREE, Plaintiff in the above entitled and numbered cause, complaining of and against DOLOMITE HOLDINGS LLC, Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A.  PARTIES

1.     Plaintiff, MARTHA CRABTREE, is an individual who resides in Duncan, Arizona.

2.     Defendant, DOLOMITE HOLDINGS LLC, is a limited liability company whose principal place of business is in the State of Texas.  Defendant may be served by and through its registered agent for service of process, Nagi Patibandla, at 531 Enchanted Oak New Braunfels, Texas 78132.

### B.  JURISDICTION AND VENUE

3.     Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states, and the amount in controversy exceeds $75,000.00.

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the wrongful act or omission of Defendant's agents occurred within this Judicial District.

## C.  FACTUAL ALLEGATIONS

5.      Plaintiff would show that this lawsuit has become necessary as a result of personal injuries, which she sustained on or about June 19, 2018 at the Wingate by Wyndham hotel, owned by Defendant, and located at 245 FM306, New Braunfels, Texas 78130.

6.      On that date, Plaintiff checked into the room that she was assigned by the hotel.  After checking into her room, Plaintiff went into the bathroom and stepped into the bathtub.  However, the bathtub floor was made of an extraordinarily slippery material over which the hotel failed to place an anti-slip mat.  As a result, when Plaintiff stepped into the tub, she slipped on the tub floor's slippery substance and fell down, violently injuring her head and knee during the fall.

7.      Plaintiff was transported by ambulance to Resolute Health Hospital where she reported pain in her right eye and right knee.  The pain in her face was rated by Plaintiff to be a 7/10, while the pain in her knee was a 10/10 whenever she tried to move.  At the hospital, she was found to have suffered a right inferior orbital wall fracture.

8.      On June 27, 2018, Plaintiff reported to Southwest Bone & Joint Institute, where she was found to have diffuse tenderness throughout her entire right knee.

## D.  CLAIMS FOR RELIEF

### Premises Liability

9.      Plaintiff incorporates by reference and re-alleges paragraphs 1 through 8.

10.     At the time of the accident made the basis of this suit,

   a.  Plaintiff, who entered the Wingate by Wyndham hotel for the mutual benefit of both parties and was given an express invitation to enter, was an invitee on the hotel premises.  As a result, the employees of Wingate by Wyndham owed a duty

of reasonable care to Plaintiff at the time of the incident made the basis of this

suit.

b.  Employees of Wingate by Wyndham had actual or constructive knowledge of an

unsafe condition on the premises in the form of an extraordinarily slippery surface

on the floor of the bathtub in the hotel room that Plaintiff was assigned at check-

in;

c.  The Wingate by Wyndham employees failed to cover the extraordinarily slippery

bathtub floor surface in Plaintiff's room with an anti-slip mat to prevent Plaintiff

from falling and suffering injuries as she stepped into the bathtub, which posed an

unreasonable risk of harm to Plaintiff by increasing the likelihood Plaintiff would

fall and suffer injuries;

d.  Wingate by Wyndham breached its duty by:

   i.   failing to maintain a reasonably safe premises by using an extraordinarily
        slippery substance as the flooring of the bathtub of Plaintiff's assigned hotel
        room and failing to cover said surface with an anti-slip mat;
   ii.  failing to properly train its employees to keep the premises free of hazards
        by covering the extraordinarily slippery surface of the bathtub floor in
        Plaintiff's hotel room with an anti-slip mat prior to Plaintiff's check in;
   iii. knowingly disregarding inherent dangers of leaving the extraordinarily
        slippery surface of the floor of the bathtub of Plaintiff's assigned hotel room
        devoid of an anti-slip mat prior to her checking in to said room;
   iv.  failing to warn about and/or eliminate the unreasonably dangerous
        condition of the extraordinarily slippery surface of the floor of the bathtub
        before Plaintiff checked into her hotel room;
   v.   failing to take adequate precautionary measures by placing an anti-slip mat
        on the surface of the bathtub floor of the room Plaintiff was assigned prior
        to the time that she checked into the room;
   vi.  recklessly disregarding the safety of Plaintiff by checking her into a hotel
        room with an extraordinarily slippery bathtub surface;
   vii. other acts deemed negligent.

e.  Wingate by Wyndham's failure to use such care proximately caused Plaintiff's

injuries.

11.     Defendant is vicariously liable for the negligent acts and/or omissions of Wingate by Wyndham employees because Defendant is the owner of the Wingate by Wyndham New Braunfels hotel where Plaintiff suffered injuries.

12.     As a result of said occurrence, Plaintiff suffered continuous pain in the right side of her face and right knee, which resulted in not only physical pain, but also mental anguish, and other medical problems.  In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with her injuries.

## E.  DAMAGES

13.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 12.

14.     As a direct and proximate result of Defendant's employees' negligent actions and/or omissions, Plaintiff suffered the following injuries and damages:

    a.  Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

    b.  Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

    c.  Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

    d.  Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

    e.  Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

    f.  Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

    g.  Plaintiff has suffered loss of personal property.

      h.   Plaintiff has suffered travel costs.

15.     To the extent that the Plaintiff suffered from any pre-existing conditions, Plaintiff would show that such conditions, if any, were asymptomatic and were aggravated as a result of the incident made the basis of this case.

## F.  JURY DEMAND

16.     Plaintiff demands a trial by jury.  A jury fee is being paid contemporaneously with the filing of this Complaint.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MARTHA CRABTREE, prays that, after trial on the merits, she have judgment against Defendant, DOLOMITE HOLDINGS LLC for the following:

    a.    Sum in excess of the minimum jurisdictional limits of this Honorable Court;
    b.    Actual damages;
    c.    Pre-judgment interest and post-judgment interest at the maximum legal rate;
    d.    Costs of court; and
    e.    Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

Alan Kolodny
SBN: 24056882
1011 Augusta Dr., Suite 111

Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com

**ATTORNEY "IN CHARGE" FOR PLAINTIFF**